Benjamin S. Softness (SBN 361435)
bsoftness@kslaw.com
Bailey J. Langner (SBN 307753)
blangner@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1251

Attorneys for
GOOGLE LLC and ALPHABET INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

EMMA DOE, a minor, by and through her guardians ad litem, JOHN DOE and JANE DOE,

Plaintiff,

v.

GOOGLE LLC and ALPHABET INC.,

Defendants.

Case No. 5:26-cv-_____

**GOOGLE LLC'S AND ALPHABET INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

Removed from the Superior Court of the State of California, County of Santa Clara, Case No. 26CV507724

Complaint Filed: November 2, 2026

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Google LLC and Alphabet Inc. hereby remove the above-captioned action, *Emma Doe v. Google LLC*, Case No. 26CV507724, from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, San Jose Division. As grounds for removal, Google and Alphabet state as follows:

**BACKGROUND**

1. This action is a personal injury lawsuit brought on behalf of a North Carolina minor. Compl. ¶¶ 1, 5–6, 13, 33, 293–95, 297. Google and Alphabet deny the Complaint's allegations.

2. On November 2, 2026, Plaintiff Emma Doe, a minor proceeding by and through her guardians ad litem John Doe and Jane Doe ("Plaintiff"), filed a Complaint against Google and Alphabet in the Superior Court of the State of California for the County of Santa Clara, captioned

*Emma Doe v. Google LLC*, Case No. 26CV507724 (the "State Court Action"). The Complaint asserts eight causes of action: (1) strict liability—design defect; (2) strict liability—failure to warn; (3) negligence—design; (4) negligence—failure to warn; (5) negligence; (6) fraudulent concealment; (7) negligent infliction of emotional distress; and (8) violation of California's Companion Chatbot Law, Cal. Bus. & Prof. Code § 22601. Compl. ¶¶ 45, 451–595.

3. Plaintiff and her guardians ad litem appear in the Complaint under pseudonyms. Compl. ¶ 33 n.2. Google and Alphabet refer to them by those pseudonyms for purposes of this Notice only and reserve all rights with respect to whether Plaintiff may proceed pseudonymously in this Court.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, as obtained by Google and Alphabet, is attached as Exhibit A. A copy of the docket in the State Court Action, together with all other process, pleadings, and orders available to Google and Alphabet, is attached as Exhibit B.

5. Neither Google LLC nor Alphabet Inc. has been served with the summons and Complaint in the State Court Action.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

6. This Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because (1) the action is between citizens of different States, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. The action is therefore removable under 28 U.S.C. § 1441(a), and, as set forth below, all other requirements for removal are satisfied.

7. Venue is proper in this Court under 28 U.S.C. §§ 84(a), 1441(a), and 1446(a) because the State Court Action is pending in the Superior Court of the State of California for the County of Santa Clara, which lies within the Northern District of California.

8. **Intradistrict Assignment.** Pursuant to Civil Local Rules 3-2(c), 3-2(e), and 3-5(b), assignment to the San Jose Division is proper because this action was removed from the Superior Court for the County of Santa Clara, and Plaintiff alleges that a substantial part of the events or omissions giving rise to her claims occurred in, or emanated from, Santa Clara County. *See* Compl.

¶¶ 39–42.

## BASIS FOR REMOVAL

### I. There Is Complete Diversity of Citizenship Between Plaintiff and Defendants.

9. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity: each plaintiff must be a citizen of a State different from that of each defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). That requirement is satisfied here because Plaintiff is a citizen of North Carolina, and both Google and Alphabet—the only defendants named in the Complaint—are citizens of Delaware and California.

#### A. Plaintiff Is a Citizen of North Carolina.

10. For purposes of diversity jurisdiction, a natural person's state citizenship is determined by her domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Where a minor sues through a representative, "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2).

11. The Complaint alleges that Plaintiff "is a minor under the age of 18" and that "[a]t all relevant times, she has been domiciled in the state of North Carolina." Compl. ¶ 33; *see also id.* ¶ 13 (referring to "Emma's North Carolina home"). Plaintiff is therefore a citizen of North Carolina. Because her guardians ad litem are deemed citizens only of Plaintiff's State, 28 U.S.C. § 1332(c)(2), their citizenship does not alter the analysis. In any event, on information and belief, John Doe and Jane Doe also are domiciled in, and are citizens of, North Carolina. *See* Compl. ¶¶ 4, 13, 301; *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (in a notice of removal, "a defendant's allegations of citizenship may be based solely on information and belief").

#### B. Google and Alphabet Are Citizens of Delaware and California.

12. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," the place

where its officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

13. Alphabet Inc. is a Delaware corporation with its principal place of business in Mountain View, California. Compl. ¶ 35. Alphabet Inc. is therefore a citizen of Delaware and California.

14. Google LLC is a Delaware limited liability company. Compl. ¶ 34. A limited liability company "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Google LLC's sole member is XXVI Holdings Inc., a Delaware corporation with its principal place of business in Mountain View, California, which in turn is a wholly owned subsidiary of Alphabet Inc. See also Compl. ¶ 35 (alleging that Alphabet Inc. "is the holding company and controlling party of Google LLC"). Google LLC is therefore a citizen of Delaware and California.

15. The Complaint names no other defendants, including no fictitiously named defendants. Accordingly, Plaintiff is a citizen of North Carolina, each Defendant is a citizen of Delaware and California, and complete diversity exists. 28 U.S.C. § 1332(a)(1).

**II. The Forum-Defendant Rule Does Not Bar Removal.**

16. Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

17. Although Google and Alphabet are citizens of California, neither has been "properly joined and served" as of the filing of this Notice. *See supra* ¶ 5. By its plain terms, Section 1441(b)(2) therefore does not bar removal. The Second, Third, and Fifth Circuits have each applied the statute's plain language to hold that a forum-state defendant may remove a diversity action before any forum defendant has been served. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–54 (3d Cir. 2018); *Tex. Brine Co. v. Am. Arbitration Ass'n*, 955 F.3d 482, 485–87 (5th Cir. 2020). Courts in this District have likewise applied the statute as written. *See, e.g.*, *Adelaja*

*v. Guillen*, , 2025 WL 502050, at *1 (N.D. Cal. Feb. 14, 2025) ("[C]ourts in the Northern District of California generally permit snap removals, largely relying on the plain language of § 1441(b)(2)."); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1127–29 (N.D. Cal. 2012).

18. Moreover, in the Ninth Circuit the forum-defendant rule is procedural, not jurisdictional. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024). Accordingly, even if Section 1441(b)(2) were implicated, it would not deprive this Court of subject-matter jurisdiction, and any objection on that ground is waived unless raised by a timely motion to remand. *Id.*; *see* 28 U.S.C. § 1447(c).

19. Removal also places this action in a forum that Plaintiff's own allegations recognize as appropriate. Plaintiff alleges that Google's terms of service provide that claims arising out of or relating to Google's products and services will be litigated "exclusively in the federal or state courts of Santa Clara County, California, USA." Compl. ¶ 41. This Court's San Jose Division sits in Santa Clara County.

**III. The Amount in Controversy Exceeds $75,000.**

20. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). That allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. Where, as here, the complaint does not allege a specific amount of damages, the Court first considers "whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotation marks omitted). "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (cleaned up); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (future attorneys' fees recoverable by statute).

///

21. Plaintiff does not plead a specific dollar amount. Plaintiff does allege, however, that "[t]he amount in controversy exceeds the jurisdictional minimum of this Court, and this action is properly classified as an unlimited civil case." Compl. ¶ 36; *see* Cal. Civ. Proc. Code §§ 85(a), 88.

22. It is facially apparent from the Complaint that the amount in controversy exceeds $75,000. Plaintiff alleges that she "has required and will require health-care services and did incur medical, health, incidental, and related expenses," *id.* ¶ 495, and that she "has incurred, and will continue to incur, substantial medical expenses," *id.* ¶ 578.

23. Based on these allegations, Plaintiff seeks "statutory, actual, compensatory, general, special, incidental, consequential, punitive, and future pain and suffering damages," as well as "[i]njunctive, declaratory, and other equitable relief," pre- and post-judgment interest, attorneys' fees, and costs. Compl. ¶ 601(a)–(e). Courts routinely find the amount-in-controversy requirement satisfied where, as here, a plaintiff alleges serious personal injuries and seeks compensatory and other damages on product-liability theories. *See, e.g.*, *Campbell v. Bridgestone/Firestone, Inc.*, No. 05-CV-01499, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296–97 (S.D.N.Y. 2001).

24. Plaintiff's statutory claim independently places more than $75,000 in controversy. Plaintiff alleges that Google violated California's Companion Chatbot Law through "hundreds of independent time-bound statutory violations" between January 1 and March 17, 2026. Compl. ¶¶ 586, 592. That statute authorizes a private plaintiff to recover damages equal to the greater of actual damages or $1,000 per violation, together with reasonable attorneys' fees and costs. Cal. Bus. & Prof. Code § 22605. On Plaintiff's allegations, even 100 alleged violations would place $100,000 in controversy (100 × $1,000), before accounting for Plaintiff's compensatory damages, punitive damages, attorneys' fees, or the cost of the injunctive relief she seeks.

25. Plaintiff also seeks punitive damages, alleging that Google and Alphabet acted with "oppression, fraud, and malice within the meaning of California Civil Code section 3294." Compl. ¶¶ 600, 601. Such damages are properly included in the amount in controversy. *Gibson*, 261 F.3d at 945.

26. Although Google and Alphabet deny that Plaintiff is entitled to any relief, the allegations of the Complaint make plain that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Dart Cherokee*, 574 U.S. at 89.

**IV. All Other Removal Requirements Are Satisfied.**

27. **Timeliness.** This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1). The thirty-day removal period is triggered by formal service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Google and Alphabet have not been served, and this Notice is filed two days after the Complaint was filed.

28. **Consent.** Google and Alphabet are the only defendants named in the State Court Action, and both join in this Notice. The consent requirement of 28 U.S.C. § 1446(b)(2)(A) is therefore satisfied.

29. **Notice to Plaintiff and the State Court.** Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice, Google and Alphabet will give written notice of the removal to Plaintiff through her counsel of record and will file a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of Santa Clara. A copy of the notice to be filed in the State Court Action is attached as Exhibit C.

30. **Local Rule Requirements.** Concurrently with this Notice, Google and Alphabet are filing the disclosures required by Civil Local Rule 3-15 and the disclosure statements required by Federal Rule of Civil Procedure 7.1, including the citizenship disclosures required by Rule 7.1(a)(2).

31. **Reservation of Rights.** By filing this Notice of Removal, Google and Alphabet do not waive, and expressly reserve, all defenses, objections, and motions available under state or federal law, including without limitation all defenses under Federal Rule of Civil Procedure 12. Nothing in this Notice is an admission of any allegation in the Complaint or of Plaintiff's entitlement to any relief. Google and Alphabet reserve the right to amend or supplement this Notice. If any question arises regarding the propriety of this removal, Google and Alphabet respectfully request the opportunity to submit briefing and evidence and to present oral argument in support of removal.

**CONCLUSION**

WHEREFORE, Google and Alphabet hereby remove this action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, San Jose Division.

Dated: November 4, 2026

Respectfully submitted,

*/s/ Benjamin S. Softness*
Benjamin S. Softness (SBN 361435)
bsoftness@kslaw.com
Bailey J. Langner (SBN 307753)
blangner@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1251

Attorneys for
GOOGLE LLC and ALPHABET INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026, I electronically filed the foregoing GOOGLE LLC'S AND ALPHABET INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446, together with its exhibits, with the Clerk of the Court using the CM/ECF system. Because Plaintiff's counsel have not yet appeared in this action, I further certify that on the same date I caused a true and correct copy of the foregoing to be served by electronic mail and U.S. mail on the following counsel of record for Plaintiff in the State Court Action:

Omar G. Qureshi
omar@qureshi.law
Will Horowitz
will@qureshi.law
QURESHI LAW PC
700 Flower Street, Suite 1000
Los Angeles, California 90017

Julie U. Liddell
julie.liddell@edtech.law
W. Andrew Liddell
andrew.liddell@edtech.law
EDTECH LAW CENTER PLLC
904 Rio Grande Street, Suite 100
Austin, Texas 78701

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 4, 2026

*/s/ Benjamin S. Softness*
Benjamin S. Softness