**QURESHI LAW PC**
Omar G. Qureshi (Cal. Bar No. 323493)
omar@qureshi.law
Will Horowitz (Cal. Bar No. 323961)
will@qureshi.law
700 Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (213) 600-6096
Fax: (213) 277-8989

**EDTECH LAW CENTER PLLC**
Julie U. Liddell (*pro hac vice* forthcoming)
julie.liddell@edtech.law
W. Andrew Liddell (*pro hac vice* forthcoming)
andrew.liddell@edtech.law
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Telephone: +1 512 200 8028

*Attorneys for Plaintiff Emma Doe*

EDTECH LAW CENTER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| Emma Doe, a minor, by and through her guardians ad litem, John Doe and Jane Doe,<br><br>Plaintiff,<br><br>v.<br><br>Google LLC and Alphabet Inc.,<br><br>Defendants. | Case No. 5:26-cv-13205-SVK<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S ADMINISTRATIVE MOTION TO REMOVE INCORRECTLY FILED DOCUMENT AND SUPPORTING DECLARATION**<br><br>**[Civil L.R. 7-11, 79-5]**<br><br>Magistrate Judge Susan van Keulen |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Pursuant to Civil Local Rules 7-11 and 79-5(c) and (e), Plaintiff Emma Doe, a minor, by and through her guardians ad litem ("Plaintiff"), respectfully moves to file under seal limited portions of (1) Plaintiff's Administrative Motion to Remove Incorrectly Filed Document (the "Motion to Remove") and (2) the supporting Declaration of Will Horowitz (the "Horowitz Declaration"). Plaintiff does not seek to seal either document in its entirety. Public redacted versions are filed with this motion, and unredacted versions, with the proposed redactions

highlighted, are filed under seal. The corrected exhibit attached to the Horowitz Declaration and the proposed order on the Motion to Remove are filed publicly in full.

## I. MATERIAL TO BE SEALED

| Document | Text to Be Sealed | Basis for Sealing |
|---|---|---|
| Plaintiff's Administrative Motion to Remove Incorrectly Filed Document | Highlighted portions at 1:24; 2:6–10; 2:21–27; and 3:4–9 | Describes the nature of private information concerning the minor Plaintiff contained in ECF No. 1-1; public disclosure would defeat the purpose of the Motion to Remove. Horowitz Decl. ¶¶ 7–8. |
| Declaration of Will Horowitz | Highlighted portions of ¶¶ 3 and 7, at 2:5–9 and 3:1–3 | Same. Horowitz Decl. ¶¶ 7–8. |

## II. LEGAL STANDARD

Courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Records attached to motions that are "more than tangentially related to the merits of a case" may be sealed for "compelling reasons." Records attached to other motions may be sealed on a showing of "good cause" under Federal Rule of Civil Procedure 26(c). *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–1101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1179–80. Compelling reasons exist where court files might "become a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

A sealing request must be narrowly tailored. It must explain the interests that warrant sealing, the injury that would result if sealing is denied, and why a less restrictive alternative is insufficient. Civil L.R. 79-5(c).

## III. ARGUMENT

### A. The Good Cause Standard Applies.

The Motion to Remove is an administrative motion about how an exhibit is maintained

EDTECH LAW CENTER

EDTECH LAW CENTER

on the Court's docket. It does not ask the Court to resolve any claim or defense and is, at most, tangentially related to the merits. The good cause standard therefore governs. *See Ctr. for Auto Safety*, 809 F.3d at 1097–99. The request satisfies either standard.

**B. The Requested Redactions Are Warranted and Narrowly Tailored.**

**Interests warranting sealing.** The redacted text describes private information concerning the minor Plaintiff that does not belong on the public docket. That information is the subject of the Motion to Remove. Horowitz Decl. ¶¶ 3, 7. Plaintiff's privacy interest as a minor in a case concerning deeply personal matters is precisely the kind of interest that justifies limiting public access. *See Kamakana*, 447 F.3d at 1179.

**Injury if sealing is denied.** If the redacted text were public, it would tell any reader what Exhibit A contains and where to find it. Exhibit A was on the public docket from November 4 to November 5, 2026, before access was restricted, and copies may persist outside the Court's docket. Horowitz Decl. ¶¶ 5, 8. Describing the information publicly would direct attention to those copies and would defeat the purpose of the Motion to Remove. That is the kind of "improper purpose[]" that sealing guards against. *Nixon*, 435 U.S. at 598.

**No less restrictive alternative.** Plaintiff has already chosen the least restrictive option. She seeks to redact only the words and phrases that describe the nature of the information at issue. The identity of the document, the relief requested, the corrected exhibit, and the proposed order on the Motion to Remove all remain public. The public can therefore understand what the Court is asked to do without learning the very information the motion seeks to protect.

**C. Defendants' Position.**

The material sought to be sealed is Plaintiff's own, so Civil Local Rule 79-5(c), not 79-5(f), applies. As Civil Local Rule 7-11(a) requires, Plaintiff met and conferred with Defendants by telephone on November 5, 2026. Defendants do not oppose this motion, and because of the need to act promptly, Plaintiff is proceeding by administrative motion rather than by stipulation. Horowitz Decl. ¶ 6.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant this motion and enter the

accompanying proposed order.

Dated: November 6, 2026

Respectfully submitted,
**QURESHI LAW PC**
By: */s/ Will Horowitz*
Will Horowitz
*Attorney for Plaintiff Emma Doe*

EDTECH LAW CENTER

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I caused the unredacted versions of (1) Plaintiff's Administrative Motion to Remove Incorrectly Filed Document and (2) the Declaration of Will Horowitz in support, which are filed under seal, to be served from Los Angeles, California, by electronic mail on counsel for Defendants as follows:

Benjamin Softness
BSoftness@kslaw.com
*Counsel for Defendants Google LLC and Alphabet Inc.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 6, 2026, at Los Angeles, California.

*/s/ Will Horowitz*
Will Horowitz

EDTECH LAW CENTER