**QURESHI LAW PC**
Omar G. Qureshi (Cal. Bar No. 323493)
omar@qureshi.law
Will Horowitz (Cal. Bar No. 323961)
will@qureshi.law
700 Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (213) 600-6096
Fax: (213) 277-8989

**EDTECH LAW CENTER PLLC**
Julie U. Liddell (*pro hac vice* forthcoming)
julie.liddell@edtech.law
W. Andrew Liddell (*pro hac vice* forthcoming)
andrew.liddell@edtech.law
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Telephone: +1 512 200 8028

*Attorneys for Plaintiff Emma Doe*

EDTECH LAW CENTER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| Emma Doe, a minor, by and through her guardians ad litem, John Doe and Jane Doe,<br><br>Plaintiff,<br><br>v.<br><br>Google LLC and Alphabet Inc.,<br><br>Defendants. | Case No. 5:26-cv-13205-BLF (NC)<br><br>**PLAINTIFF'S NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION FOR ORDER DIRECTING REMOVAL AND REPLACEMENT OF INCORRECTLY FILED DOCUMENT ON STATE COURT DOCKET; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Civil L.R. 7-11]**<br><br>District Judge Beth Labson Freeman<br>Referred to Magistrate Judge Nathanael M. Cousins |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7-11, Plaintiff Emma Doe, a minor, by and through her guardians ad litem ("Plaintiff"), moves for an order authorizing and directing the Clerk of the Superior Court of the State of California for the County of Santa Clara (the "Superior Court") to remove the Complaint from the public docket in *Emma Doe v. Google*

*LLC*, Case No. 26CV507724 (the "State Court Action"), and to replace it with the corrected version of the Complaint filed in this action at ECF No. 6-2. Under Civil Local Rule 7-11(c), the motion will be deemed submitted for determination without a hearing on the day after any opposition is due. Defendants Google LLC and Alphabet Inc. ("Defendants") do not oppose the relief requested. Declaration of Will Horowitz ("Horowitz Decl.") ¶ 6.

This motion is based on this notice, the following memorandum, the concurrently filed Horowitz Declaration, the record in this action, including the Court's Order at ECF No. 9, and the proposed order submitted herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

On November 2, 2026, Plaintiff filed her Complaint in the State Court Action. ECF No. 1 ¶ 2. On November 4, 2026, Defendants removed the action to this Court and filed a copy of the Complaint as Exhibit A to their Notice of Removal. ECF No. 1; ECF No. 1-1.

Plaintiff then moved to remove ECF No. 1-1 from this Court's public docket, because it contains private information concerning the minor Plaintiff, and to replace it with a corrected version. ECF No. 6; *see* ECF Nos. 6-1, 6-2. Defendants did not oppose. ECF No. 6-1 ¶ 6. On November 16, 2026, the Court granted that motion as modified and granted Plaintiff's related motion to seal. ECF Nos. 9, 10. The Court ordered the Clerk to remove ECF No. 1-1 from the public docket and to replace it with the corrected version filed at ECF No. 6-2. ECF No. 9 at 1.

The Complaint that Plaintiff filed in the State Court Action (the "State Court Complaint") is the same document as ECF No. 1-1, and it remains on the Superior Court's docket. Horowitz Decl. ¶¶ 2–3. The clerk of the Superior Court has advised Plaintiff's counsel that the clerk requires a court order to remove it. *Id.* ¶ 4.

## II. ARGUMENT

### A. The Court Has Authority to Enter the Requested Order.

Because this action has been removed, the Superior Court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Authority over the action, including what occurred in it before removal, now rests with this Court. On removal, the federal court



EDTECH LAW CENTER

"takes the case as it finds it" and "treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Orders entered in the state court before removal likewise "remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. And the Court may issue orders "necessary or appropriate in aid of" its jurisdiction. 28 U.S.C. § 1651(a).

The requested order is necessary to give full effect to the Court's Order at ECF No. 9. Without it, the information that Order protects will remain public on the Superior Court's docket. The Anti-Injunction Act does not stand in the way. The order would not "stay proceedings in a State court," 28 U.S.C. § 2283; it would only authorize a ministerial docketing step, at the request of the party who filed the document, in an action that is now before this Court. In any event, the order would be "necessary in aid of" the Court's jurisdiction. *Id.*

**B. The Request Is Administrative and Narrow.**

A court in this District has described a comparable request—for an order directing a superior court to remove from its docket a document filed with a notice of removal—as one that "did not seek relief based on the merits but simply sought administrative relief on a procedural matter." *Open Text Inc. v. Beasley*, No. 21-cv-03986-EMC, ECF No. 31 at 8 (N.D. Cal. July 30, 2021); *see id.* at 7 & n.6. (The court did not reach the request, which became moot.) The same is true here.

The relief requested is narrow and mirrors the relief the Court has already granted as to its own docket. The corrected version of the Complaint is identical to the original except that the information at issue has been removed. ECF No. 6-1 ¶ 4; Horowitz Decl. ¶ 5. The substance of Plaintiff's allegations will therefore remain available on the Superior Court's docket. The order would not remand any part of this action or otherwise affect Defendants' rights with respect to removal or the Superior Court's jurisdiction, beyond permitting the Superior Court and its clerk to carry out the order. Defendants do not oppose the relief requested. Horowitz Decl. ¶ 6.

## III. CONCLUSION

Plaintiff respectfully requests that the Court grant this motion and enter the accompanying proposed order.



EDTECH LAW CENTER

EDTECH LAW CENTER

Dated: November 23, 2026

Respectfully submitted,

**QURESHI LAW PC**
By: */s/ Will Horowitz*
Will Horowitz
*Attorney for Plaintiff Emma Doe*